**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SEP  8 1999

U. S. DISTRICT COURT
E. DISTRICT OF MO.

SAFETY NATIONAL CASUALTY CORP.,    )
                                   )
            Plaintiff,             )
                                   )
    v.                             )      No. 4:98 CV 1928 DDN
                                   )
THE MUNICIPAL EXCESS LIABILITY     )
JOINT INSURANCE FUND, and          )
                                   )
MUNICIPAL EXCESS LIABILITY         )
RESIDUAL CLAIMS FUND, and          )
                                   )
PUBLIC ENTITY RISK MANAGEMENT      )
ADMINISTRATION, INC.,              )
                                   )
            Defendants.            )

## ORDER

In accordance with the Memorandum filed herewith,

**IT IS HEREBY ORDERED** that the motion of plaintiff to compel arbitration or for a declaratory judgment (Doc. No. 1) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants to dismiss (Doc. No. 8) is sustained.   The action is dismissed without prejudice.

_____
**UNITED STATES MAGISTRATE JUDGE**

Signed this _____8th_____ day of September, 1999.

```
                                                  FILED
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF MISSOURI         SEP  8 1999
               EASTERN DIVISION

                                              U. S. DISTRICT COURT
                                              E. DISTRICT OF MO.
SAFETY NATIONAL CASUALTY CORP.,     )
                                    )
              Plaintiff,            )
                                    )
     v.                             )      No. 4:98 CV 1928 DDN
                                    )
THE MUNICIPAL EXCESS LIABILITY      )
JOINT INSURANCE FUND, and           )
                                    )
MUNICIPAL EXCESS LIABILITY          )
RESIDUAL CLAIMS FUND, and           )
                                    )
PUBLIC ENTITY RISK MANAGEMENT       )
ADMINISTRATION, INC.,               )
                                    )
              Defendants.           )
```

## MEMORANDUM

This matter is before the Court on the motions (1) of plaintiff Safety National Casualty Corporation to compel arbitration or alternatively for a declaratory judgment, and (2) of defendants Municipal Excess Liability Joint Insurance Fund ("Joint Fund"), Municipal Excess Liability Residual Claims Fund ("Residual Fund"), and Public Entity Risk Management Administration, Inc. ("Administrator"), to dismiss. A hearing was held on April 30, 1999. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff, a Missouri corporation, has invoked the Court's original diversity of citizenship subject matter jurisdiction[1] and

---

[1]      The Federal Arbitration Act, "something of an anomaly in the field of federal-court jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983), does not, by itself, confer subject matter jurisdiction on this Court or create independent federal question jurisdiction. Id. "[W]hen a party to an arbitration agreement seeks to have a federal court enforce its provisions, an independent jurisdictional basis is required." UHC Management Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998). In the case at bar, the parties agree that the
(continued...)

seeks relief under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., or, in the alternative, Fed. R. Civ. P. 57, to determine a dispute over plaintiff's responsibility to defendants for insurance coverage. Defendants are two New Jersey insurance funds and a New Jersey corporation.

Plaintiff issued a "Specific Excess Worker's Compensation Insurance Agreement" and a binder thereto, to defendant Joint Fund, effective January 1988. A claim in excess of $5 million was subsequently made on the policy, alleging a loss in February 1988. The parties now dispute the amount of insurance coverage provided under the policy.

While defendant Joint Fund was the only named insured on the insurance policy, in a letter dated October 22, 1998, attorneys for defendant Residual Fund advised plaintiff that Residual Fund, apparently through defendant Administrator, was prepared to litigate the disputed limits of the policy. In that letter, defendant Residual Fund referred to "the excess workers compensation coverage bargained for, purchased and paid for by the Fund . . . ."; however, the only antecedent reference to the "Fund" in the letter is to defendant Residual Fund. Defendant Joint Fund is not mentioned. The letter also advises that "the Fund must promptly arrange for a policy contract of Re-insurance . . . ." Further reference is made to "David N. Grubb, James Kickham, and M. Louise Doner of Public Entity Risk Management Administration, Inc., which is the executive director/administrator of the Municipal Excess Liability Residual Claims Fund." The letter notes that copies were sent to these persons and to "Joseph A. Giorgio - Fund Executive Committee Chairman." The letter further refers to a meeting and letter of August 27, 1998; this letter was sent to plaintiff's brokers under the letterhead of defendant Residual

---

[1](...continued)
Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Fund, signed by David N. Grubb, Executive Director, and refers to
Mary Louise Doner, "of our office."     Exh. A, Pl. Reply (Doc. No.
29).

Plaintiff alleges that, while the insurance contract was
between plaintiff and defendant Joint Fund, the claim at issue in
this matter has been "taken over" by defendant Residual Fund;
plaintiff alleges that defendant Administrator manages both funds.
While defendants argue that only defendant Joint Fund was the named
insured on the policy, they essentially agree with plaintiff's
characterization of their relationship.

The insurance policy sued on contains an arbitration clause
which provides as follows:

> Any unresolved dispute arising between the EMPLOYER
> and the CORPORATION may be submitted to arbitration upon
> informed consent by both parties.  It is agreed that upon
> submission of such dispute to arbitration, the award may
> be entered as a judgment in a court of competent
> jurisdiction.
>
> One arbitrator shall be chosen by the CORPORATION
> and one arbitrator shall be chosen by the EMPLOYER.  The
> third arbitrator shall be chosen by the other two
> arbitrators within ten (10) days after they have been
> appointed.  If the two arbitrators cannot agree upon a
> third arbitrator, each arbitrator shall nominate three
> persons of whom the other shall reject two.  The third
> arbitrator shall then be chosen by drawing lots.  If
> either party fails to choose an arbitrator within thirty
> (30) days after receiving the written request of the
> other party to do so, the latter shall choose both
> arbitrators, who shall choose the third arbitrator.  The
> arbitrators shall be impartial and shall be present or
> former officials of property or casualty insurance or
> reinsurance companies.
>
> * * *
>
> The arbitrators are relieved from judicial
> formalities and, in addition to considering the rules of
> law and the customs and practices of the insurance and
> reinsurance business, shall make their award with a view
> to effecting the intent of this Agreement.  The costs of
> arbitration, including the fees of the arbitrators, shall
> be shared equally unless the arbitrators decide

otherwise.  The arbitration shall be held in St. Louis County, Missouri unless otherwise agreed.

    If more than one EMPLOYER is involved in the same dispute, all such EMPLOYERS shall constitute and act as one party for purposes of this clause and communications shall be made by the CORPORATION to each of the EMPLOYERS constituting one party; provided, however, that nothing therein shall impair the rights of such EMPLOYERS to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the EMPLOYERS under the terms of this Agreement from several to joint.

Complaint, ¶ P (Doc. No. 1).  The policy defines "employer" as the party named in the attached "declaration."   The declaration identifies that party as "MUNICIPAL EXCESS LIABILITY JOINT INSURANCE FUND, INCLUDING ONLY THE INSURED MEMBERS OF THE FUND AS PER ENDORSEMENT #1."   Endorsement No. 1 in turn lists nine municipal joint insurance funds covering some 130 municipalities in the State of New Jersey.   The term "CORPORATION" refers to plaintiff Safety National Casualty Corporation.

    The cardinal dispute between the parties is over the Court's personal jurisdiction.  In its motion to dismiss, defendants argue that this Court does not have personal jurisdiction over them. Plaintiff argues that personal jurisdiction over defendants is established by the arbitration clause in the insurance policy. Plaintiff argues that the arbitration clause is an agreement by defendants to submit to the jurisdiction of this Court.  Defendants deny that the arbitration clause constitutes such an agreement and deny that defendants Residual Fund and Administrator were ever parties to the clause.

    The Court's exercise of personal jurisdiction must comport with the requirements of both the applicable state law and of the Due Process Clause of the Fourteenth Amendment.  Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 452-53 (8th Cir. 1984).  The Due Process Clause requires that nonresident defendants have

-4-

certain minimum contacts with the forum such that the
maintenance of the suit does not offend traditional
notions of fair play and substantial justice. . . .

Id. at 455-56.    Plaintiff does not dispute that, absent the
arbitration provision in the insurance policy, defendants have no
minimum contacts with the State of Missouri which are sufficient to
establish personal jurisdiction.    Thus, the arbitration agreement
is the only basis for such jurisdiction.

### I. The arbitration clause.

The parties dispute whether the presence of the arbitration
clause in the policy, if valid, constitutes the insured's consent
to the personal jurisdiction of this Court.    The relevant Missouri
statute provides: "The term 'court' means any court of competent
jurisdiction of this state.    The making of an agreement described
in section 435.350 providing for arbitration in this state confers
jurisdiction on the court to enforce the agreement under sections
435.350 to 435.470 and to enter judgment on an award thereunder."
See Mo. Rev. Stat. § 435.430 (1992).

The United States Supreme Court has spoken about contractual
imposition of personal jurisdiction:

A variety of legal arrangements have been taken to
represent express or implied consent to the personal
jurisdiction of the court.    In National Equipment Rental,
Ltd. v. Szukhent 375 U.S. 311, 316, 84 S. Ct. 411, 414,
11 L. Ed. 2d. 354 (1964), we stated that "parties to a
contract may agree in advance to submit to the
jurisdiction of a given court," and in Petrowski v.
Hawkeye-Security [Ins.] Co., 350 U.S. 495, 76 S. Ct. 490,
100 L. Ed. 639 (1956), the Court upheld the personal
jurisdiction of a District Court on the basis of a
stipulation entered into by the defendant.    In addition,
lower federal courts have found such consent implicit in
agreements to arbitrate.    See Victory Transport Inc. v.
Comisaria General de Abastecimientos y Transportes, 336
F.2d 354 (CA2 1964);    2 J. Moore & J. Lucas, Moore's
Federal Practice ¶ 4.02[3], n.22 (1982).

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de
Guinee, 456 U.S. 694, 703-04 (1982).

-5-

Further, the Missouri Court of Appeals has stated:

> Our research has led us to a number of cases which have held that by agreeing to arbitrate in a designated state, disputes arising from a given transaction or relationship, the parties impliedly consent to the jurisdiction of courts in that state to enforce the arbitration agreement.

Medicine Shoppe Int'l, Inc. v. J-Pral Corp., 662 S.W.2d 263, 273 (Mo. Ct. App. 1983).

The United States District Court for the Northern District of Ohio has held that agreeing to arbitrate within its district constituted a waiver of, or consent to, the court's personal jurisdiction. "[Section] 4 of the FAA provides sufficient jurisdictional basis for a district court to order out-of-state parties who have agreed to arbitration in Ohio to submit to arbitration. In other words, Respondents must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in Ohio." In the Matter of Arbitration Between Management Recruiters Int'l, Inc. and Nebel, 765 F. Supp. 419, 420 (N.D. Ohio 1991).

Still, further precedent indicates that "[b]y agreeing to arbitrate in [a state], where the [Federal Arbitration Act] makes such agreements specifically enforceable, [that party] must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in [that state]. To hold otherwise would be to render the arbitration clause a nullity." Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes, 336 F.2d 354, 363 (2nd Cir. 1964), cert. denied, 381 U.S. 934 (1965). Accord Chicago Southshore & So. Bend R.R. v. Northern Indiana Commuter Transp. Dist., 703 N.E.2d 7, 11 (Ill. 1998); Unionmutual Stock Life Ins. Co. of America v. Beneficial Life Ins. Co., 774 F.2d 524, 527 (1st Cir. 1985); National R.R. Passenger Corp. v. Boston and Maine Corp., No. CIV.A. 87-1507, 1987 WL 16842 (D.D.C. Sept. 1, 1987), aff'd, 850 F.2d 756 (D.C. Cir. 1988); Atkins, Kroll & Co. v. Broadway Lumber Co., 35 Cal. Rptr. 385 (Cal. 1963). See also Merrill Lynch, Pierce, Fenner & Smith,

-6-

Inc. v. Lauer, 49 F.3d 323 (7th Cir. 1995); Dempsey v. George S.
May Int'l Co., 933 F. Supp. 72 (D. Mass. 1996); Texas American
Shipping v. Intermarine Financial Corp., No. 94-3541(PKL), 1994 WL
369285 (S.D.N.Y. Jul. 13, 1994); Atlanta Shipping Corp. v.
Cheswick-Flanders & Co., 463 F. Supp. 614 (S.D.N.Y. 1978); Necchi
Sewing Mach. Sales Corp. v. Sewline Co., 194 F. Supp. 602 (S.D.N.Y.
1960); Farr & Co. v. the Punta Alice, 144 F. Supp. 839 (S.D.N.Y.
1956), aff'd, 243 F.2d 342, 347 (2nd Cir. 1957).

Based on this precedent, if defendants are parties to a valid,
enforceable arbitration agreement, they will be deemed to have
consented to the personal jurisdiction of this Court. See also 9
U.S.C. §§ 2 and 4.

## II.   The Arbitration Clause is Permissive

Defendants argue that the subject insurance policy's
arbitration clause cannot be a basis for personal jurisdiction in
this case, because its language is permissive and not mandatory.
The arbitration clause provides that "any unresolved dispute . . .
may be submitted to arbitration only upon informed consent by both
parties."   Therefore, defendants argue, this Court cannot compel
arbitration because the permissive nature of the agreement clearly
negates plaintiff's argument that arbitration is required or
automatically agreed to by the parties.   The United States Supreme
Court has said:

> The Arbitration Act establishes that, as a matter of
> federal law, any doubts concerning the scope of
> arbitrable issues should be resolved in favor of
> arbitration, whether the problem at hand is the
> construction of the contract language itself or an
> allegation of waiver, delay, or a like defense to
> arbitrability.

Cone Mem. Hosp., 460 U.S. at 24-25.   Nevertheless, if the parties
agree to submit certain disputes to arbitration only upon mutual
consent, "courts are powerless, absent such consent, to compel
arbitration." Gangemi v. General Elec. Co., 532 F.2d 861, 866 (2nd
Cir. 1976).   Moreover, while a provision excluding a particular

dispute from arbitration must be "clear and unambiguous," Gangemi, 532 F.2d at 865, it is not required "that a court adopt an unreasonable construction of a contract provision in order to find that a dispute is arbitrable." Id. at 866.  See also Menorah Home and Hospital for the Aged and Infirm, Inc. v. Local 144, 573 F. Supp. 908, 912 (E.D.N.Y. 1983); cf., Bell Atlantic Corp. v. CTC Communications Corp., 159 F.3d 1345, 1998 WL 536731, at * 2 (2nd Cir. 1998) (unpublished opinion).  To construe the arbitration agreement as mandatory would render meaningless the phrase "upon the informed consent of the parties."

Plaintiff points out that the Eighth Circuit has held that an arbitration provision containing the phrase "may be submitted to arbitration," grants either party the option of requiring arbitration.  American Italian Pasta Co. v. Austin Co., 914 F.2d 1103, 1104 (8th Cir. 1990).  In American Italian,  the parties entered into a contract which provided that if the parties had an unresolvable dispute, that "dispute or disagreement may be submitted to arbitration in accordance with the Rules of the American Arbitration Association . . . ." Id.  The court held that unless "may" is construed as "must," the arbitration provision would be meaningless.  Id.  The court reasoned that there would be no reason for the arbitration clause to be in the contract if the parties intended it to be permissive, because the parties could have agreed to submit a dispute to arbitration in the absence of the clause.  Id.;  see also Bonnot v. Congress of Indep. Unions, 331 F.2d 355, 359 (8th Cir. 1964); Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 877 (4th Cir.), cert. denied, 519 U.S. 980 (1996).

American Italian and Bonnot do not govern the construction of the arbitration clause at bar, because the language of the clause provides not only that the parties "may" submit an issue to arbitration but also that arbitration requires the "informed consent by both parties."  Such "consent" language was absent in the clauses reviewed in American Italian and Bonnot.  Persuasive

- 8 -

authority, set forth above, has construed such express "consent" language as making the requirement to arbitrate permissive and not mandatory.

Therefore, the arbitration clause in the insurance policy before the Court does not, in the factual circumstances of this case, require defendants to arbitrate the existing coverage dispute.

### III. Declaratory Judgment

In the alternative, plaintiff seeks a declaratory judgment that the per occurrence liability limit of the insurance policy is $5,000,000. However, as discussed above, this Court does not have personal jurisdiction over the defendants, which is a prerequisite to granting plaintiff any such relief.

Accordingly, the motion of plaintiff to compel arbitration or for a declaratory judgment (Doc. No. 1) will be denied. The motion of defendants to dismiss (Doc. No. 8) will be sustained. The Court must dismiss the action without prejudice. An appropriate order is issued herewith.


David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed this ___8 Th___ day of September, 1999.


-9-

UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
INTERNAL RECORD KEEPING


AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 09/08/99 by lkresko
                    4:98cv1928      Safety Natl Casualty vs Municipal Excess

28:1332 Diversity-Insurance Contract

Gary Mayes -  3778                  Fax: 314-552-7076
Steven Schwartz -  4316             Fax: 314-421-3128
Carol Tate -  71982                 Fax: 314-552-7354


SCANNED & FAXED BY:

SEP - 8 1999

C. L. F.